UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERRISH BARKLEY,

    Plaintiff,

    v.        Case No. 06-C-0002

JOHN E. POTTER, Postmaster General
United States Postal Service and ALI RILEY,

    Defendants.

**DECISION AND ORDER**

**I. INTRODUCTION AND PROCEDURAL BACKGROUND**

On January 3, 2006, the *pro se* plaintiff, Terrish Barkley ("Barkley"), filed a complaint against defendants John E. Potter, Postmaster General United States Postal Service, and Ali Riley, alleging that she had been wrongfully discharged. Accompanying her complaint was a petition for leave to proceed *in forma pauperis*. On January 13, 2006, the Honorable C.N. Clevert, Jr., United States District Judge for the Eastern District of Wisconsin, granted her petition to proceed *in forma pauperis*. Subsequently, on March 3, 2006, the action was reassigned to this court upon the consent of the parties to proceed before a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b).

On March 16, 2006, the defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). More precisely, the defendants assert that Barkley's complaint should be dismissed "for failure to state a claim upon which relief can be granted under 12(b)(6) because it is time-barred under 42 U.S.C. § 2000e-5(f)(1)." Pursuant to the provisions of Civil Local Rule 7.1 (E.D. Wis.),

Barkley was to file (and serve) "a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion." Civil L.R. 7.1(b). Barkley did not file any response to the defendants' motion in accordance with the local rules. Consequently, on April 11, 2006, the court ordered that Barkley file her brief and other materials in response to the defendants' motion on or before May 1, 2006. Thereafter, on May 8, 2006, Barkley filed a letter in response to the defendants' motion. The text of that letter reads as follows:

> Please excuse me for being late. I now this [was] suppose[d] to be in before May 1, 2006. I feel that I was fired because of race and illness. I've asked for my job back and all step increases[,] Holiday pay[,] along with over time pay. On my response it was noticed untimely and all responses from my first claim would be the same. Also noted that my claim was filed 9 months too late. I was working another job, but I still filed in time I thought.

On May 9, 2006, the defendants filed a letter with the court in which they "inform[ ] the Court and Ms. Barkley that, as no new facts or issues are stated and the Plaintiff admits that her 'claim was filed nine months too late,' no further reply from the [defendants] will be filed." (Defs' Ltr.) In light of the foregoing, the defendants' motion is now fully presented and is ready for resolution. For the reasons which follow, the defendant's motion to dismiss will be granted.

## II. DISCUSSION

A review of the plaintiff's complaint together with the defendants' brief and the attachments thereto demonstrates that Barkley was an employee of the United States Postal Service. On March 4, 2002, her employment was terminated. According to the plaintiff's complaint, she claims that she was wrongfully discharged for being absent without leave due to health problems. The gist of her complaint appears to be that she was in the hospital and in jail during periods critical to her termination. In support of her complaint Barkley filed three exhibits. The first is a letter from the

2

program director at The Cathedral Center indicating that Barkley "stayed in the Red Cross Women's Overflow Center from April 17, 2002 until October 12, 2002." The second is a handwritten letter from Tara Woods stating that she is a witness to the fact that Barkley was homeless and "living at the Red Cross Shelter from March 2002 to October 2002." The last exhibit is a hand written letter from Andrew Baker indicating that Terrish Barkley is his former spouse and that she had mental and physical problems that left her "unable to communicate rationally" and "unable to care for herself" from approximately 2001 through 2004.

Attached to the defendants' brief is a copy of the March 21, 2005, decision of the U.S. Equal Employment Opportunity Commission, Office of Federal Operations, affirming the EEOC Administrative Law Judge's decision to dismiss Barkley's complaint for failure to engage in timely EEO Counselor contact. The text of that decision reads, in pertinent part, as follows:

> Complainant filed an appeal with this Commission from an agency final order, dated October 28, 2004, pertaining to her formal complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq. The Commission accepts the appeal in accordance with 29 C.F.R. § 1614.405.
>
> On July 22, 2002, complainant contacted the EEO office claiming that her removal was discriminatory. Informal efforts to resolve complainant's concerns were unsuccessful. On September 12, 2002, complainant filed a formal complaint based on race, color, sex and disability.
>
> At the conclusion of the investigation, complainant received a copy of the investigative report and requested a hearing before an EEOC Administrative Law Judge (AJ). On October 25, 2004, the AJ issued a decision without a hearing.
>
> The AJ dismissed the instant complaint on the grounds of untimely EEO Counselor contact. The AJ noted that on March 4, 2002, complainant was issued a Notice of Removal, which she received on March 12, 2002. The Notice informed complainant that the effective date of her removal would be April 19, 2002. The AJ found that complainant had until June 3, 2002 to timely contact an EEO Counselor, but that

complainant did not initiate EEO contact until July 22, 2002. The AJ noted that, while complainant contends she did not learn of her termination until July 20, 2002, the record contained a certified receipt for the removal notice, bearing complainant's signature, on March 12, 2002.

The AJ also addressed the case on the merits, and found no discrimination.

On September 28, 2004, the agency issued a Notice of Final Action implementing the AJ's decision.

On appeal, complainant contends that she was late in contacting the EEO counselor because she was living in a shelter for over eight months, with no mailing address. Further, complainant asserts that she was "in and out of hospitals."

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action. . . . Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent.

. . . .

The record contains a copy of a Domestic Return Receipt showing that complainant signed for the Notice of Removal letter on March 12, 2002. We are not persuaded by complainant's contentions that she did not learn of her termination until July 20, 2002. Complainant waited beyond the forty-five day time limitation to contact the EEO Counselor. Consequently, the AJ properly dismissed the complaint pursuant to 29 U.S.C. § 1614.107(a)(2).

The agency's final order implementing the AJ's dismissal was proper and is **AFFIRMED**.

(EEOC Dec. at 1-2.) Further contained within the EEOC's March 21, 2005, decision is a notice that Barkley had "the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision." (EEOC Dec. at 3.) Finally, the EEOC decision states that "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed." (EEOC Dec. at 4.) It is the

4

ninety day deadline for filing a civil action that the defendants claim Barkley violated, and by virtue thereof, her complaint in this court should be dismissed as untimely.

To be sure, Barkley does not dispute that she received a copy of the EEOC decision. Nor does she dispute that she received it within five calendar days of March 21, 2005, i.e., March 26, 2005. Instead, she merely asserts that she thought she filed the instant action in time. Regrettably, Barkley did not file her complaint in this civil action in timely fashion. She filed it on January 3, 2006, which was more than six months after the ninety-day limitation period had expired (on or about June 26, 2005).

Title 42 U.S.C. § 2000e-5(f)(1) provides, in pertinent part,

> If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved.

"The time limit is not a flexible guideline even for *pro se* litigants and even a one-day delay is fatal." *Thomas v. United Parcel Service*, 2000 WL 290279 at *2 (N.D. Ill. 2000) (citing *Wilson v. Doctors Hospital of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996)). Indeed, it has been stated that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 851 (7th Cir. 2001) (internal quotations omitted).

"Although courts adhere strictly to Title VII's 90-day time period, the time limitations are not jurisdictional but, rather, are statutes of limitations subject to equitable tolling." *Davis v. Browner*, 113 F.Supp.2d 1223, 1227 (N.D. Ill. 2000) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95-96 (1990)). "However, equitable tolling is an exception to the general rule and is restricted for

5

those extreme circumstances in which the claimant has made a good faith error, such as bringing a timely complaint in the wrong court, or has been prevented in some extraordinary way from filing her complaint on time, such as inadequate notice to the plaintiff. *Id*. (citing *Irwin*, 498 U.S. at 95-96). Unfortunately for Barkley, she has not presented any unusual or extreme circumstances justifying the application of equitable tolling to her case. To be sure, her written submissions, as described above, present the unfortunate circumstances under which she was living up through 2004 (and may offer an explanation as to why she did not contact the EEO counselor in timely fashion). But, they offer no justification for her failure to file her complaint in this civil action within ninety days of her receipt of the EEOC's decision of March 21, 2005.

Simply stated, Barkley failed to file her complaint in this court in timely fashion under 42 U.S.C. § 2000e-5(f)(1). Consequently, the defendants' motion to dismiss will be granted and this action will be dismissed.

**NOW THEREFORE IT IS ORDERED** that the defendants' motion to dismiss be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 15th day of May 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge